**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6826**

ROY SYLVESTER HUNT, JR.,

Plaintiff - Appellant,

v.

P. MCCABE, Registered Nurse,

Defendant - Appellee,

and

ARMOR HEALTHCARE PROVIDER; LIEUTENANT CUNDIFF; UNIT MANAGER GILBERTSON; J. GILLUS, Food Service Assistant Director; R. HALOM, Medical Secretary; ASSISTANT WARDEN JERRY; PROCICE, Registered Nurse; SERGEANT SUMMERVILLE; LIEUTENANT WHITEHEAD,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, Chief District Judge.  (3:21-cv-00539-MHL-MRC)

Submitted:  June 23, 2026                                    Decided:  July 14, 2026

Before GREGORY and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Roy Sylvester Hunt, Jr., Appellant Pro Se.  Juliane C. Miller, HARMAN CLAYTOR CORRIGAN & WELLMAN, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Sylvester Hunt, Jr., seeks to appeal the district court's order dismissing his second particularized 42 U.S.C. § 1983 complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on July 3, 2024, so the appeal period expired on August 2, 2024. Because Hunt failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[*] We deny as moot Hunt's motion for assignment of counsel and Defendant's motion to strike Hunt's second informal brief.

---

[*] Hunt dated his notice of appeal July 29, 2024, but the envelope containing the notice of appeal was postmarked on August 15, 2024. Because the record did not reveal when Hunt delivered his notice of appeal to prison officials for mailing, we remanded this case to the district court the limited purpose of obtaining this information from the parities and determining whether the filing was timely. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule). After an evidentiary hearing, the magistrate judge found that Hunt delivered the notice of appeal to prison officials for mailing sometime after the expiration of the appeal period. Hunt did not object to this finding, so the district court adopted it. Hunt has not identified—nor can we discern—any plain error in the district court's adoption of the magistrate judge's finding. To the contrary, the magistrate judge carefully considered the exhibits and testimony presented by both parties and simply found Hunt's account not credible.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*